**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL GRADY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 06-175-JLF** |
| | ) | |
| **B. A. BLEDSOE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**<u>MEMORANDUM AND ORDER</u>**

**FOREMAN, District Judge:**

Petitioner, an inmate in the United States Penitentiary at Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the validity of his 1999 conviction.  He has filed several motions seeking to add additional authority in support of his motion (Docs. 3, 4, 5, 7, 8); for purposes of this order, these motions are **GRANTED**.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief and the petition must be dismissed.

Petitioner Michael Grady certainly is persistent; this is the second petition for writ of habeas corpus that he has filed in this District.  *See Grady v. Davis*, Case No. 02-cv-1087-JPG (S.D. Ill.,

filed Oct. 21, 2002).  In that prior case, Grady argued two points: (1) he is actually innocent of conspiracy because no true co-conspirators existed, and (2) the grand jury proceedings were defective.  In a memorandum and order filed July 20, 2005 (*id.* at Doc. 50), the Honorable J. Phil Gilbert determined that these grounds could and should be presented only in a collateral attack under 28 U.S.C. § 2255.  Therefore, he ordered the action transferred to the United States District Court for the Eastern District of Missouri, the district of conviction, in July 2005.  *Id.*  In that court, the Honorable Stephen N. Limbaugh determined that the action was an unauthorized second or successive motion under § 2255 and thus transferred the case to the Eighth Circuit Court of Appeals for a determination of whether the motion would be allowed.  *Grady v. United States*, Case No. 05-cv-1155-SNL (E.D. Mo., filed July 25, 2005).  The Eighth Circuit subsequently denied the application for permission to file a successive habeas petition.  *Grady v. United States*, Case No. 05-3535 (8th Cir., filed Sept. 16, 2005).

Because he feels that he has not yet had a determination on the merits of his claim, Grady then filed the instant habeas corpus action in which he raises the identical issues presented in his 2002 case:  (1) he is actually innocent of conspiracy because no true co-conspirators existed, and (2) the grand jury proceedings were defective.  However, Grady completely missed the point of Judge Gilbert's order:  these claims are not cognizable under § 2241.  *See Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998) (a Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991) (same).  *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.")

Therefore, Section 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice, and all pending motions are now **MOOT**.

**IT IS SO ORDERED.**
**DATED:  June 2, 2006.**

*s/ James L. Foreman*
**DISTRICT JUDGE**